In the Matter of the Claim of THOMAS F. SMITH, Respondent, against DURHAM AIRCRAFT SERVICE, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from awards of the Workmen's Compensation Board for disability and death benefits. The issue is causal relationship. On August 7, 1953 the deceased employee fell and struck her left breast. The following day the skin on the outer aspect of the breast was reddened and it thereafter turned black and blue. In November, 1953 the decedent noticed an enlargement of the left breast and a feeling of warmth around the nipple. The breast then became tender and the enlargement continued. On February 19, 1954 a discharge from the breast occurred and

the following day the decedent consulted a physician, who referred her to a surgeon. On March 4, 1954 she was hospitalized and four days later a mastectomy was performed on the left breast. It was determined that a scirrhus cancer had been present in the breast. The decedent returned to work on July 6, 1954 and worked until August 30, 1954. On September 30, 1954 the decedent died and the cause of death was carcinoma of the breast. Dr. Weinstein, the operating surgeon, did not testify but a report from him contained in the record dated May 14, 1954 states that the injury was the cause of the disability. Dr. Ratner the attending physician stated in a letter and in her proof of death report that the trauma may have accelerated the course of the disease. Dr. Shielcrest, a surgeon who had performed numerous cancer operations, had never examined the decedent but in answer to a hypothetical question is was his opinion that although the trauma to the breast did not cause the carcinoma, it did aggravate a pre-existing carcinoma. Dr. Hoffman, a specialist in cancer, had examined the claimant on July 19, 1954. He testified that the cancer was neither caused nor aggravated by the trauma to the breast. His reasons for this opinion were that the cancer was a slow growing type which due to its advanced stage must have been present for many years, that trauma in general will not accelerate the growth of breast cancer, that the trauma here was very minor and that there is nothing to indicate that the cancer was accelerated. Awards for aggravations of pre-existing carcinoma have been affirmed (cf. *Matter of Avesato* v. *Morell-Brown*, 7 A D 2d 796). The conflicting medical testimony in this record presented a question of fact for the board. Its weight was for the board to evaluate (*Matter of Schechter* v. *State Ins. Fund*, 6 N Y 2d 506) and we cannot justly say that on this record, the board erred as a matter of law. Decisions and awards unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.